# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LEE ROY RATZEL,**
          **Petitioner,**

      v.                                           **Case No. 06-c-0074**

**BRYAN BARTOW,**
          **Respondent.**

## ORDER

On January 17, 2005, petitioner Lee Roy Ratzel filed this petition pursuant to 28 U.S.C. § 2241, seeking to challenge his pretrial confinement for civil commitment as a sexually dangerous person under Wis. Stat. § 980 (2005). Petitioner raises numerous claims challenging the constitutionality of section 980, both facially and as applied to him, including that the statute violates the Due Process Clause of the Fourteenth Amendment.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, applicable to the present petition under Rule 1(b), I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Petitioner was convicted of first degree sexual assault in violation of Wis. Stat. § 940.225(1)(b) 1989 for which he received a sentence of twenty years, and again in 1991 for which he received a sentence of seventy months to run concurrently with his prior conviction.

According to petitioner, on June 15, 2005, the Wisconsin Circuit court concluded that pursuant to Wis Stat. 980.015 the state had presented sufficient evidence of petitioner's sexual dangerousness and ordered that the Department of Corrections detain petitioner and transfer him to an approved detention facility. It is unclear whether the court held the required probable cause hearing, however, and no further hearing was held on the matter. Petitioner has remained in the custody of the state since that time.

Section 980 of the Wisconsin Statutes sets forth the procedures for a commitment of a person adjudged to demonstrate sufficient propensity to commit a sexual crime upon release. Wis. Stat. § 980.02 (2005). Under the statute, the warden of a prisoner potentially qualifying under the statue must notify the state within a specified time of that person's release. If the state believes that the person qualifies for civil commitment, it files a petition for commitment in state court. The court must hold a probable cause hearing within seventy-two hours of the state's filing of a petition for civil commitment. If the court finds probable cause, it must order defendant to an appropriate facility to determine whether the individual is a sexually violent person. Forty-five days following the probable cause hearing, the statute provides for a trial, in which "[a]ll constitutional rights available to a defendant in a criminal proceeding are available to the person." Id. § 980.05(1m). The state must prove the allegations against defendant "beyond a reasonable doubt." Id. § 980.05(2). In addition, the defendant has the right to a trial by jury. In the case of commitment, the state must periodically reexamine defendant's mental condition within six months of the initial commitment, and every twelve months thereafter. As such, under the Wisconsin civil commitment statute, petitioner was entitled to a full trial-type hearing, complete with the protections afforded criminal defendants, on or about July 30, 2005.

-2-
Case 2:06-cv-00074-LA    Filed 04/05/06    Page 2 of 5    Document 4

Petitioner challenges the constitutional legitimacy of his confinement under section 980. He additionally challenges the constitutionality of the statute itself by alleging that the state's burden of proof is unconstitutional. Specifically, petitioner contends that Wisconsin Chapter 980 targets behavior that was used as proof of the underlying offense, and fails to require a more substantial finding, unlike the statute upheld by the Supreme Court in Kansas v. Hendricks, 521 U.S. 346 (1997). Petitioner, as a pre-trial detainee, properly brought his petition pursuant to 28 U.S.C. § 2241. The Supreme Court "repeatedly has recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Addington v. Texas, 441 U.S. 418, 423 (1979) (citations omitted). Additionally, the Court has held that such statutes do not violate substantive due process "when (1) the confinement takes place pursuant to proper procedures and evidentiary standards, (2) there is a finding of dangerousness either to one's self or to others, and (3) proof of dangerousness is coupled with the proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'" Kansas v. Crane, 534 U.S. 407, 409-10 (2002). If the potential committee is not mentally ill or if they do not pose some danger to themselves or others, the State has no legitimate interest in their involuntary commitment. Addington, 441 U.S. at 423.

Here, petitioner alleges that Wisconsin's Chapter 980 is lacking both in proper commitment procedures and evidentiary standards. Although the statute provides for a trial-type hearing within forty-five days, petitioner has been confined for nine months based solely on the evidence presented by the psychologist who conducted his Chapter 980 psychological evaluation. Further, while similar statutes have been upheld by the Supreme Court, petitioner alleges that Wisconsin's statute places a lower burden on the state, and is therefore a

-3-
Case 2:06-cv-00074-LA    Filed 04/05/06    Page 3 of 5    Document 4

violation of his substantive due process rights. Petitioner has, therefore, pleaded sufficient facts to state at least cognizable constitutional claims.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until

respondent files his or her answer, these copies should be sent to Gregory Weber at the address below. Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondents and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 5 day of April, 2006.

/s
LYNN ADELMAN
District Judge