# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

LEE ROY RATZEL,

        **Petitioner,**

    v.                                       **Case No. 06-C-0074**

BRYAN BARTOW,

        **Respondent.**

## DECISION AND ORDER

On January 17, 2006, petitioner Lee Roy Ratzel filed this petition pursuant to 28 U.S.C. § 2241, seeking to challenge his pretrial confinement for civil commitment as a sexually dangerous person under Wis. Stat. ch. 980 (2005). Petitioner raises numerous claims challenging the constitutionality of chapter 980, both facially and as applied to him, including that it violates the Due Process Clause of the Fourteenth Amendment. Respondent now moves to dismiss the petition, alleging that petitioner has failed to exhaust his state court remedies.

## I. FACTS AND BACKGROUND

Petitioner was convicted of first degree sexual assault in violation of Wis. Stat. § 940.225(1)(b) in 1989 for which he received a sentence of twenty years, and again in 1991 for which he received a sentence of seventy months to run concurrently with his prior conviction. On June 15, 2005, the state filed a petition asserting that petitioner was a sexually violent person within the meaning of Wis. Stat. § 980.015. At a hearing held June 16, 2005, a Wisconsin circuit court concluded that pursuant to Wis Stat. § 980.015 the state had presented sufficient evidence of petitioner's sexual dangerousness and ordered that the Department of Corrections detain petitioner and transfer him to an approved detention facility

for trial. Petitioner's counsel waived the forty-five day time limit for trial. (Resp. Br. Ex. C.) Petitioner's counsel additionally raised a challenge to the constitutionality of an unidentified provision of Wis. Stat. ch. 980, which the court found "severable and unconstitutional" at a July 14, 2005 hearing. (Id.)

According to the trial court docket, petitioner's commitment proceeding has been adjourned on several occasions, including on July 14, 2005, pending the receipt of a doctor's report requested by petitioner's attorney, on November 11, 2005, based on the withdrawal and appointment of new counsel, on February 7, 2006, to enable petitioner's counsel to secure funds to appoint a private doctor, and on April 20, 2006, while further awaiting the doctor's report. A recent review of the docket reveals that a status conference is set in the matter for May 4, 2007.

## II.  DISCUSSION

Respondent asserts that petitioner has failed to exhaust his state court remedies. Petitioner asserts that his case constitutes an exceptional circumstance, and he is not required to exhaust his remedies. Ordinarily, a federal habeas petitioner must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b)(1)(A). To do so, he must give the state courts an opportunity to review his federal claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A claim is not exhausted if under state law, the petitioner may still raise it. § 2254(c). Thus, a petitioner must appeal an adverse decision to the state supreme court if doing so is part of the state's ordinary review procedure. O'Sullivan, 526 U.S. at 847. The exhaustion doctrine serves the interest of comity between state and federal courts by giving state courts the first opportunity to address and correct violations of a prisoner's federal rights. Perruquet v. Briley, 390 F.3d 505, 513 (7th Cir. 2004).

Although pretrial habeas jurisdiction exists, it generally should be exercised only where extraordinary or special circumstances exist and a petitioner has exhausted state court remedies. Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975). Further, the Supreme Court has explained that:

> If, for example, the case presents an issue on which an unresolved question of fact or of state law might have an important bearing, both comity and judicial efficiency may make it appropriate for the court to insist on complete exhaustion to make sure that it may ultimately review the issue on a fully informed basis.

Granberry v. Greer, 481 U.S. 129, 134-35 (1987).

Here, petitioner challenges the length of his pretrial confinement and the constitutionality of the procedures under which he is being committed.[1] However, it appears that petitioner, through his counsel, is responsible for the majority of the delay in the proceedings, through the attempts to secure evidence to support his case. Furthermore, petitioner, through his counsel, waived his statutory right to a hearing forty-five days following the court's finding of probable cause. Petitioner has not provided any evidence indicating that such is not the case. Petitioner has numerous avenues to challenge any perceived improper delay, including filing requests with the circuit court or by filing a state habeas petition. He has not done so. Thus, I conclude that petitioner has not demonstrated that

---

[1]Chapter 980 of the Wisconsin Statutes sets forth the procedures for commitment of a person adjudged to demonstrate sufficient propensity to commit a sexual crime upon release. Wis. Stat. § 980.02 (2005). Under the statute, the warden of a prisoner potentially qualifying under the statue must notify the state within a specified time of that person's release. If the state believes that the person qualifies for civil commitment, it files a petition for commitment in state court. The court must hold a probable cause hearing within seventy-two hours of the state's filing of a petition for civil commitment. If the court finds probable cause, it must order the person to an appropriate facility to determine whether the individual is a sexually violent person. Forty-five days following the probable cause hearing, the statute provides for a trial, in which "[a]ll constitutional rights available to a defendant in a criminal proceeding are available to the person." § 980.05(1m). The state must prove the allegations against the person "beyond a reasonable doubt." § 980.05(2).

extraordinary circumstances exist for me to address his pretrial detainment claims without his first exhausting them at the state court level.

Next, with respect to petitioner's constitutional challenge to Wis. Stat. ch. 980, it appears that he is pursuing a constitutional challenge at the circuit court level with the assistance of counsel. Further, it is not certain what the outcome of the hearing will be; petitioner may not even be committed under the statute. Thus, I conclude that such claims are exactly those contemplated by the court in <u>Granberry v. Greer</u>, on which unresolved question of fact or of state law might have an important bearing. Thus, in the interest of comity and judicial efficiency, it is appropriate to require complete exhaustion to make sure that the issue properly is framed on federal habeas review if, in fact, petitioner is committed under the statute.

Finally, although I have the authority to stay a habeas claim pending exhaustion, here it is unnecessary for me to do so. Petitioner brought his claims pursuant to § 2241, and AEDPA will not bar a subsequent petition if the instant petition is dismissed.

### III. CONCLUSION

Therefore, for the foregoing reasons,

**IT IS ORDERED** that respondent's motion to dismiss petitioner's habeas petition for failure to exhaust is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30 day of March, 2007.


/s
LYNN ADELMAN
District Judge